IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Case No. |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| JANET E. MILEY, JUDITH E. MILEY, SEBASTIAN COCOA PROPERTIES, LLC, HARBOR HEALTH, INC., RIVERSIDE MEDICAL CENTER, PA, and ARBOR ADVOCATES, LLC, | ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## COMPLAINT

Plaintiff, the United States of America, alleges as follows:

1. The United States brings this suit to reduce to judgment the unpaid federal income tax liabilities owed by defendant Janet E. Miley ("Dr. Miley") for tax years 2010 and 2012–2017; to impose declaratory judgment against defendants Sebastian Cocoa Properties, LLC ("Sebastian Cocoa") and Judith E. Miley as nominees of Dr. Miley; to impose declaratory judgment against Riverside Medical Center, PA ("Riverside") as an alter ego of Dr. Miley; and to enforce the federal tax liens against real property located in Cocoa, Florida (the "Subject Property") titled to Sebastian Cocoa as the

nominee of Judith E. Miley and Dr. Miley, to satisfy, in whole or in part, Dr. Miley's outstanding tax liabilities.

2. This action is authorized by the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and is brought at the direction of a delegate of the Attorney General of the United States under 26 U.S.C. §§ 7401 and 7403.

3. This Court has jurisdiction to hear the action under 28 U.S.C. §§ 1331 and 1340, as well as 26 U.S.C. §§ 7402(a) and 7403(a).

4. Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1396 because the federal tax liabilities at issue accrued within this District, Dr. Miley resides within this District, Judith E. Miley resides within this District, Sebastian Cocoa has a place of business within this District, and the Subject Property lies within this District.

## PARTIES

5. Janet E. Miley is a medical doctor who resides in this District.

6. Judith E. Miley is Janet E. Miley's mother. She resides in this District. She is joined as a party to this action under 26 U.S.C. § 7403(b) because she may claim an interest in the Subject Property.

7. Defendant Sebastian Cocoa is a Florida limited liability company. Sebastian Cocoa is registered to do business in the state of Florida and has a place of business located at 863 N. Cocoa Blvd., Cocoa, FL 32922. Judith E.

Miley formed Sebastian Cocoa on or about September 29, 2016. Judith E. Miley is the registered agent for Sebastian Cocoa; it does not have any other officers, members, or employees. It is joined as a party to this action under 26 U.S.C. § 7403(b) because it may claim an interest in the Subject Property.

8. Harbor Health, Inc. is a Florida corporation. It is joined as a party to this action under 26 U.S.C. § 7403(b) because it may claim an interest in the Subject Property.

9. Riverside Medical Center, PA is a Florida corporation. It is joined as a party to this action under 26 U.S.C. § 7403(b) because it may claim an interest in the Subject Property.

10. Arbor Advocates, LLC is a Florida corporation. It is joined as a party to this action under 26 U.S.C. § 7403(b) because it may claim an interest in the Subject Property.

## THE SUBJECT PROPERTY

11. The Subject Property is located at 863 N. Cocoa Blvd., Cocoa, FL 32922 and is described more particularly as follows:

> **Lot 12, Cocoa Heights, as per plat thereof, recorded in Plat Book 10, Page 47, of the Public Records of Brevard County, Florida, LESS that portion within the right of way of US Highway No. 1.**

## FACTUAL BACKGROUND

12. For tax years 2010 and 2012 – 2017, Dr. Miley failed to pay the full income tax liability reported on her federal income tax returns.

13. As detailed below, Dr. Miley and her mother, Judith E. Miley, used a scheme to evade collection of Dr. Miley's federal tax liabilities and purchase a property for Dr. Miley to use as a medical clinic.

*The Mileys Purchase the Subject Property Through Sebastian Cocoa*

14. Judith E. Miley formed Sebastian Cocoa on or about September 29, 2016.

15. Judith E. Miley is the registered agent for Sebastian Cocoa. Sebastian Cocoa does not have any other officers, members, or employees.

16. On or about October 11, 2016, Judith E. Miley opened a credit union account for Sebastian Cocoa and made two deposits of $123,300.00 and $2,500.

17. Sebastian Cocoa purchased the Subject Property on or about October 13, 2016 for $127,000.

18. An addendum to the closing documents for Sebastian Cocoa's purchase of the Subject Property states that the buyer intended to use the property as a medical office.

19. Dr. Miley currently uses the property as a medical office.

20. While Sebastian Cocoa was preparing for closing on the purchase of the Subject Property, an email from the buyers' agent to the title agency referred to two "buyers" who had "formed a new LLC," referencing Sebastian

Cocoa. Additional emails from the buyers' agent identified Dr. Miley and Judith E. Miley by name.

21. The email from the buyers' agent to the title agency did not refer to Sebastian Cocoa as the buyer.

22. An email from the buyers' agent to the sellers' agent mentioned that Dr. Miley chose to not have the property surveyed before closing.

23. An email from the buyers' agent to the title agency arranged for Dr. Miley to pick up keys for the property and suggested leaving the keys in an envelope with Dr. Miley's name.

24. As of March 2021, the exterior of the Subject Property has a sign that reads "Marijuana Doctor."

25. Upon information and belief, Dr. Miley uses the Subject Property to operate a cash-only marijuana clinic.

26. In October 2017, the Brevard County Sheriff's Office raided the clinic at the Subject Property and seized $39,362.00 in cash. In December 2019, a final judgment of forfeiture awarded the United States $34,362.00 of the seized funds, which was applied to Dr. Miley's 2010 federal income tax liabilities.

### *Entities Related to Dr. Miley Use the Subject Property Rent-Free*

27. Dr. Miley is the president of Harbor Health, Inc. ("Harbor Health").

28. Harbor Health is an active Florida corporation. It operates out of the Subject Property.

29. Harbor Health is a medical practice.

30. Judith E. Miley is the Secretary of Harbor Health.

31. Dr. Miley is the president and sole officer of Riverside Medical Center, PA.

32. Riverside is an active Florida corporation. It operates out of the Subject Property.

33. Riverside is a medical practice.

34. Sebastian Cocoa received rental payments from Harbor Health for November 2016, December 2016, and January 2017.

35. Sebastian Cocoa received rental payments from Riverside for November 2016, December 2016, and January 2017.

36. Sebastian Cocoa received payments from Harbor Health and Riverside in August 2017 for first and last months' rent, plus a security deposit.

37. Sebastian Cocoa received a rental payment from Riverside in October 2017.

38. Sebastian Cocoa received rental payments from Riverside from November 2018 through November 2019 and May 2020 through November 2020.

39. Sebastian Cocoa received rental payments from Harbor Health for November 2018 through January 2019.

40. In 2018, the IRS issued notices of levy as to the accounts receivable for Riverside as the alter ego of Dr. Miley.

41. Harbor Health stopped making rental payments to Sebastian Cocoa after January 2019.

42. Riverside stopped making rental payments to Sebastian Cocoa after November 2020.

43. Beginning in December 2016, Sebastian Cocoa began making payments to a business named Arbor Advocates LLC ("Arbor Advocates").

44. Christopher Johnson is the sole officer of Arbor Advocates.

45. Arbor Advocates' annual report, filed with the Florida Secretary of States, lists Christopher Johnson's address as 1030 New Hampton Way, Merritt Island, Florida, 32953. Dr. Miley resides at the same address.

46. Beginning in March 2019, Arbor Advocates' annual reports listed the Subject Property as Arbor Advocates' principal place of business.

47. Arbor Advocates made no rental payments to Sebastian Cocoa from March 2019 through November 2020.

COUNT I – REDUCE FEDERAL TAX LIABILITIES TO JUDGMENT

48. Dr. Miley voluntarily filed federal income tax returns (Forms 1040) as a single taxpayer for tax years 2010 and 2012–2017 (the "tax years

7

at issue"). Dr. Miley's Forms 1040 for 2010, 2012–2014, and 2016–2017 were filed after the due date prescribed by the Internal Revenue Code. Each return for the tax years at issue reported taxes owed.

49. Despite voluntarily filing her federal income tax returns, Dr. Miley failed to pay the full income tax liability reported on her tax returns for the tax years at issue.

50. On the dates and in the amounts set forth in the following table, a delegate of the Secretary of the Treasury assessed against Dr. Miley the federal income taxes reported on her returns for the tax years at issue, plus applicable penalties and underpayment interest:

| Tax Type | Tax Year | Assessment Date | Assessed Tax | Assessed Interest | Assessed Penalties |
|---|---|---|---|---|---|
| 1040 | 2010 | 12/5/2011 | $41,421.00 | $946.43 | $863.00* $1,815.93** $1,564.16^ |
|  |  | 10/10/2016 | - | $5,781.64 | $6,374.34^ |
|  |  | 10/8/2018 | - | $4,232.70 | - |
|  |  | 10/7/2019 | - | $2,927.41 | - |
|  |  | 10/5/2020 | - | $2,494.73 | - |
| 1040 | 2012 | 12/2/2013 | $37,236.00 | $705.05 | $107.00* $1,471.40^ |
|  |  | 10/10/2016 | - | $3,719.09 | $7,724.84^ |
|  |  | 10/8/2018 | - | $4,480.44 | - |
|  |  | 10/7/2019 | - | $3,098.74 | - |

8

| Tax Type | Tax Year | Assessment Date | Assessed Tax | Assessed Interest | Assessed Penalties |
|---|---|---|---|---|---|
|  |  | 10/5/2020 | - | $2,640.73 | - |
|  |  | 10/11/2021 | - | $1,879.14 | - |
| 1040 | 2013 | 4/25/2016 | $3,398.00^^ | $219.65 | $666.00** $370.00^ |
|  |  | 10/8/2018 | - | $460.96 | $370.00^ |
|  |  | 10/7/2019 | - | $285.49 | - |
|  |  | 10/5/2020 | - | $243.30 | - |
|  |  | 10/11/2021 | - | $173.13 | - |
| 1040 | 2014 | 2/29/2016 | $4,058.00 | $104.70 | $65.00* $657.36** $200.86^ |
|  |  | 10/8/2018 | - | $539.15 | $712.14^ |
|  |  | 10/7/2019 | - | $335.34 | - |
|  |  | 10/5/2020 | - | $285.79 |  |
|  |  | 10/11/2021 | - | $203.36 | - |
| 1040 | 2015 | 6/6/2016 | $7,175.00 | $40.14 | $79.00* $70.44^ |
|  |  | 10/8/2018 | - | $752.73 | $1,690.56^ |
|  |  | 10/7/2019 | - | $546.41 | - |
|  |  | 10/5/2020 | - | $465.64 | - |
|  |  | 10/11/2021 | - | $331.36 | - |
| 1040 | 2016 | 7/23/2018 | $24,833.00 | $1,682.47 | $189.00* $5,572.80** $1,981.44^ |

9

| Tax Type | Tax Year | Assessment Date | Assessed Tax | Assessed Interest | Assessed Penalties |
|---|---|---|---|---|---|
| | | 10/7/2019 | - | $2,310.95 | $3,343.68^ |
| | | 10/5/2020 | - | $1,812.34 | $866.88^ |
| 1040 | 2017 | 8/6/2018 | $9,095.00 | $161.02 | $116.40*<br>$1,227.86**<br>$181.90^ |
| | | 10/11/2021 | - | $1,602.94 | $2,091.85^ |

*Failure to pre-pay tax  
**Late filing  
^Late payment  
^^Assessed pursuant to examination

51. A delegate of the Secretary of the Treasury gave notices of the above-referenced assessments and made demands for payment on Dr. Miley as required by law. Despite notice of her tax liabilities and demand for payment, Dr. Miley has failed and refused to pay the full amount of the federal income tax liabilities described in paragraph 50 above.

52. The statute of limitations to collect a federal tax owed is generally ten years, running from the date of assessment by the IRS. 26 U.S.C. § 6502(a). The statute of limitations can be extended or tolled in certain circumstances, including when a taxpayer submits an installment agreement request to the IRS.

53. The statute of limitations for Dr. Miley's 2010 federal income tax liabilities was extended until February 24, 2022, because the statute of

10

limitations did not run while the IRS considered an installment offer that Dr. Miley submitted for her 2010 federal income tax liabilities.

54. As of February 23, 2022, Dr. Miley owes $150,333.32 in unpaid income taxes, penalties, and interest for the tax years at issue, plus fees, interest, and all statutory additions that continue to accrue.

COUNT II – NOMINEE LIABILITY AGAINST JUDITH E. MILEY

55. The United States re-alleges paragraphs 1 through 54.

56. Dr. Miley and Judith E. Miley have a close family relationship as a mother and daughter.

57. Judith E. Miley holds Sebastian Cocoa as nominee for Dr. Miley.

58. Judith E. Miley incorporated Sebastian Cocoa as nominee for Dr. Miley.

59. Judith E. Miley incorporated Sebastian Cocoa in anticipation of collection activity against Dr. Miley. Judith E. Miley incorporated Sebastian Cocoa to purchase the Subject Property so that Dr. Miley could evade collection of her federal tax liabilities and use the Subject Property as a medical clinic.

60. Dr. Miley holds dominion and control over Sebastian Cocoa and the Subject Property held in its name. She practices medicine at the Subject Property. She was referred to as a buyer of the Subject Property when Sebastian Cocoa acquired title to it.

61. Based on the foregoing, Judith E. Miley controls Sebastian Cocoa Properties, LLC as the nominee and/or alter ego of Defendant Janet E. Miley.

## COUNT III – NOMINEE LIABILITY AGAINST DEFENDANT SEBASTIAN COCOA PROPERTIES, LLC

62. The United States re-alleges paragraphs 1 through 61.

63. Sebastian Cocoa is incorporated in Florida.

64. Sebastian Cocoa holds title to the Subject Property as nominee for Dr. Miley.

65. Judith E. Miley has acted and currently acts as a nominee for Dr. Miley when controlling Sebastian Cocoa.

66. Judith E. Miley and Dr. Miley exercise all control over Sebastian Cocoa and its assets. Judith E. Miley and Dr. Miley have dominated and controlled Sebastian Cocoa to such an extent that Sebastian Cocoa does not exist as an independent entity.

67. Dr. Miley and Judith E. Miley have a family relationship as a mother and daughter. Judith E. Miley is Sebastian Cocoa's only member or officer. Sebastian Cocoa has no relationship with any other entity or natural person apart from Judith E. Miley.

68. After Judith E. Miley incorporated Sebastian Cocoa, the entity purchased the Subject Property so Dr. Miley could use the Subject Property as a medical office.

69. Sebastian Cocoa, as the record titleholder and Dr. Miley's and Judith E. Miley's nominee, purchased the Subject Property less than one month after Sebastian Cocoa was formed. Sebastian Cocoa paid for the property using money transferred to it from Judith E. Miley.

70. The buyers' real estate agent referred to and treated Dr. Miley as a buyer of the Subject Property in the weeks before and after Sebastian Cocoa closed on the Subject Property.

71. An email from the buyers' real estate agent mentioned two "buyers" (Dr. Miley and Judith E. Miley) who had "formed a new LLC" (Sebastian Cocoa) and wished to close on the Subject Property.

72. Dr. Miley controlled key decisions related to the purchase of the Subject Property. An email from the real estate agent explained that Dr. Miley made the decision to forego a survey of the Subject Property before closing.

73. After closing, the buyers' real estate agent and an employee from the title agency arranged for Dr. Miley to pick up the keys to the Subject Property.

74. Dr. Miley and Judith E. Miley used Sebastian Cocoa's corporate form in a fraudulent manner for an improper purpose. Dr. Miley, Judith E. Miley, and Sebastian Cocoa intentionally executed the purchase of the

Subject Property to evade payment of Dr. Miley's federal tax liabilities and to shield the property from federal tax liens.

75. Two businesses for which Dr. Miley is an officer, Harbor Health and Riverside, operated at the Subject Property but failed to consistently pay rent to Sebastian Cocoa.

76. Dr. Miley's businesses have operated at the Subject Property at least in part without paying rent.

77. Arbor Advocates, a business controlled by Dr. Miley's cohabitant, has operated at the Subject Property since March 2019 without paying rent.

78. Sebastian Cocoa transferred money to Arbor Advocates on multiple occasions.

79. Dr. Miley and Janet E. Miley's fraudulent and improper use of Sebastian Cocoa's corporate form caused injury to the United States by preventing the IRS from collecting the federal tax liabilities owed by Dr. Miley.

80. Based on the foregoing, Sebastian Cocoa is the nominee and/or alter ego of Defendant Janet E. Miley.

## COUNT IV – ALTER EGO LIABILITY AGAINST RIVERSIDE MEDICAL CENTER, INC.

81. The United States re-alleges paragraphs 1 through 54.

82. Dr. Miley is the sole officer and owner of Riverside.

83. Dr. Miley is the sole authorized signer for Riverside's corporate accounts.

84. Riverside's corporate accounts include three accounts at Bank of America ending in 0437, 6010, and 1537.

85. As the sole officer and owner of Riverside, Miley has dominated and controlled Riverside to such an extent that Riverside does not exist as an independent entity.

86. Dr. Miley disregarded corporate formalities of Riverside and improperly and fraudulently used Riverside's corporate accounts and funds to pay expenses for her personal benefit. Examples of some of Dr. Miley's personal expenses paid from Riverside's corporate accounts are below:

   a. Alcoholic beverages;
   b. Airline tickets for personal travel;
   c. Groceries;
   d. Personal cell phone bills from Cricket;
   e. Personal electricity bills from Florida Power and Light;
   f. Student loan payments to Navient; and
   g. Miscellaneous retail purchases for personal use.

87. Dr. Miley's use of Riverside for an improper purpose caused injury to the United States. Dr. Miley used Riverside to shield income and assets from creditors, including the United States. The improper use of the

corporate form caused injury to the United States by preventing the IRS from collecting the federal tax liabilities owed by Dr. Miley.

88. Based on the foregoing, Riverside is the alter ego and/or nominee of Defendant Janet E. Miley.

COUNT V – FORECLOSE NOMINEE FEDERAL TAX LIEN

89. The United States re-alleges paragraphs 1 through 80.

90. Sebastian Cocoa is Dr. Miley's nominee.

91. Dr. Miley's mother, Judith E. Miley, is the sole member of Sebastian Cocoa. Judith E. Miley is also listed as the sole manager and registered agent on Sebastian Cocoa's filings with the Florida Secretary of State, and is listed as a joint owner, along with Sebastian Cocoa, of Sebastian Cocoa's bank account. Judith E. Miley holds Sebastian Cocoa as Dr. Miley's nominee.

92. Dr. Miley, Judith E. Miley, and Sebastian Cocoa intentionally executed the purchase of the Subject Property to evade payment of Dr. Miley's federal tax liabilities and to shield the property from federal tax liens.

93. A delegate of the Secretary of the Treasury filed Notices of Federal Tax Lien against Janet E. Miley and Sebastian Cocoa on the dates shown below.

| Tax Year | Tax Type | Date of Filing | Taxpayer Name |
|---|---|---|---|
| 2010 | 1040 | 7/12/2021 (refiled) | Sebastian Cocoa Properties, LLC (as nominee of Janet E. Miley) |
| 2010, 2012, 2013, 2014, 2015, 2016, 2017 | 1040 | 4/6/2021 | Sebastian Cocoa Properties, LLC (as nominee of Janet E. Miley) |
| 2010 | 1040 | 3/1/2021 (refiled) | Janet E. Miley |
| 2017 | 1040 | 9/4/2018 | Janet E. Miley |
| 2016 | 1040 | 8/14/2018 | Janet E. Miley |
| 2015 | 1040 | 7/19/2016 | Janet E. Miley |
| 2013 | 1040 | 6/20/2016 | Janet E. Miley |
| 2014 | 1040 | 3/29/2016 | Janet E. Miley |
| 2010, 2012 | 1040 | 10/20/2014 | Janet E. Miley |

94. The federal tax liens against Dr. Miley attach to all of Dr. Miley's property and rights to property, including property titled to Dr. Miley's nominees, Judith E. Miley and Sebastian Cocoa. The Court may therefore enforce the federal tax liens against the Subject Property.

RELIEF REQUESTED

WHEREFORE, Plaintiff, the United States of America, prays for the following relief:

  A. That the Court enter judgment in favor of the United States and against Janet E. Miley in the amount of $150,333.32 for Janet E. Miley's unpaid federal income tax liabilities, plus statutory additions and interest allowed by law until paid;

  B. That the Court declare that Judith E. Miley serves as Janet E. Miley's nominee and holds legal title to assets for Janet E. Miley's benefit to shield those assets from federal tax liens filed against Janet E. Miley;

  C. That the Court declare that Sebastian Cocoa Properties, LLC serves as Judith E. Miley and Janet E. Miley's nominee and holds legal title to assets for Judith E. Miley's and Janet E. Miley's benefit to shield those assets from federal tax liens filed against Janet E. Miley;

  D. That the Court declare that Riverside Medical Center, PA is an alter ego of Janet E. Miley;

  E. That the federal tax liens against Janet E. Miley and her nominees and alter egos may be enforced against the Subject Property;

  F. That the Court order that the federal tax liens on the Subject Property be foreclosed and that the Subject Property be sold according to law, free and clear of Janet E. Miley's, Judith E. Miley's, Sebastian Cocoa Properties, LLC's, Harbor Health, Inc.'s, Riverside Medical Center, PA's, and Arbor Advocates, LLC's interests, and the proceeds of the sale be distributed

in accordance with the determination of the Court with respect to the priorities of the claims of the parties; and

      G.    That the Court grant such other and further relief as is just and proper, including costs of this action.

                               Respectfully submitted,

                               DAVID A. HUBBERT
                             Deputy Assistant Attorney General

By:    */s/ Samuel G. Fuller*
        SAMUEL G. FULLER
        Trial Attorney, Tax Division
        DC Bar Number 1673016
        U.S. Department of Justice
        Post Office Box 14198
        Washington, D.C. 20044
        202-598-3880 (v)
        202-514-4963 (f)
        Samuel.G.Fuller@usdoj.gov

            *Of counsel:*

            ROGER B. HANDBERG
            United States Attorney